**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAITONA CARTER,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN A. FEINBERG, in his official capacity as Deputy Secretary of Defense;<br><br>PETE HEGSETH, in his official capacity as Secretary of Defense; and<br><br>WALTER JAY CLAYTON, in his official capacity as Director of National Intelligence,<br><br>Defendants. | Case No. 1:26-cv-03318-APM<br>Judge Amit P. Mehta |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
**(Concurrency of Regulatory Oversight, Interlocking Directorates, and Corporate Spoliation)**

Plaintiff Daitona Carter, proceeding *pro se*, respectfully submits this Supplemental Memorandum of Points and Authorities to apprise the Court of newly verified, interlocking institutional and private-sector alignments involving Defendant Walter Jay Clayton. This showing demonstrates that the 30-day mandate in the September 14, 2026, Feinberg Memorandum—expiring on October 14, 2026—constitutes an *ultra vires* agency action designed to insulate corporate and technical transactions from forensic verification, inflicting immediate, irreversible spoliation of evidence.

RECEIVED
OCT 13 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## I. THE APOLLO, FIREBLOCKS, ALPACA SECURITIES CLEARING MATRIX: STRUCTURAL OVERLAP UNDER SEC RULE 13h-1

1. **The Statutory Evidentiary Deficit:** Under 41 U.S.C. §§ 1501–1502, Congress reserved the exclusive authority to prescribe or rescind Cost Accounting Standards (CAS) to the government-wide CAS Board. The Department of Defense's unilateral command to dismantle contract-level cost-segregation pools and transition to consolidated Generally Accepted Accounting Principles (GAAP) aggregates operates as a structural bar to tracing technology-derived proceeds.

2. **Interlocking Control over the Clearing Rails:** Parallel proceedings in Federal Circuit Appeal No. 26-1721 establish a multi-forum closed loop governing the architecture in suit. Defendant Clayton concurrently served as an independent board chair at Apollo Global Management and as a principal advisory board member for Fireblocks. As documented in the United States Senate Committee on Finance Investigative Report and the Reply Brief from Movant-Appellant Daitona Carter (CAFC ECF Doc. 41, Exhibit L, and Doc. 42), Apollo-linked capital channels intersect with the structures utilized to shelter transferred technologies.

3. **The Interlocking Gateway:** This private infrastructure connects to digital asset custody and tokenization platforms, including Alpaca Securities LLC, which utilizes Fireblocks Multi-Party Computation (MPC) vaults to secure digital assets and tokenized ledger units. As established in the pleadings, references to transactional accounts serve to identify subject-matter parameters and protect Plaintiff from burdensome third-party document demands, while preserving the integrity of the underlying records. Re-reconciling accounting discrepancies requires raw, un-consolidated transactional logs that directly impact Plaintiff's resources and ability to secure counsel for this litigation and intended *qui tam*

proceedings. Crucially, these financial tokenization and clearing rails operate concurrently with the digital ledger and asset-tagging architectures deployed across the Department of Defense procurement tracks at issue in this APA action. By shaping high-volume reporting boundaries under SEC Rule 13h-1 (Large Trader Reporting) during his chairmanship, and subsequently occupying private advisory posts over the cryptographic vaults and token-clearing rails handling related asset streams, Defendant Clayton's professional footprint spans both the private financial apparatus and the public executive oversight governing these federal asset movements. Past regulatory inquiries into brokerage partners failed to cover the critical window in which disputed capital streams were re-routed—a period coinciding directly with Clayton's tenure at the SEC. Furthermore, electronic interference and tracking anomalies reported to the Department of Defense began on or about December 23, 2024 (initially mistaken by Plaintiff as protective federal oversight).

## II. INSTITUTIONAL AND SECTORAL OVERLAPS RELEVANT TO REGULATORY OVERSIGHT

4. **Overlapping Roles:** Defendant Clayton is a named party-defendant in this active Administrative Procedure Act proceeding. Concurrently, as of October 7, 2026, he has been appointed to lead the federal artificial intelligence task force as the White House AI Czar, while maintaining his statutory position as the Director of National Intelligence (DNI).

5. **Operational Integration:** The federal AI task force includes the Department of Defense's Chief Technology Officer, Emil Michael. Consequently, Defendant Clayton occupies concurrent governance roles over the executive intelligence apparatus and the specific technological leadership tasked with deploying the Automated AI Classification

Pilot. This pilot is responsible for executing the record-restructuring and data-handling systems established under the September 14, 2026, Feinberg Memorandum.

6. **Impact on Evidence Tracking:** Because Defendant Clayton previously established high-volume market reporting boundaries under SEC Rule 13h-1, subsequently joined the private advisory board of Fireblocks, and currently oversees national intelligence and federal AI data-restructuring initiatives, his professional footprint intersects both the private infrastructure holding the disputed records and the public regulatory systems governing their compliance tracking.

## III. CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court take immediate cognizance of this structural overlap, pierce the administrative shield, and enter a Temporary Restraining Order enjoining Defendants from executing the September 14, 2026, memorandum as to the seven Covered Contracts identified in Paragraph 32 of the Complaint.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2026, a true and correct copy of the foregoing **Supplemental Memorandum of Points and Authorities** was submitted via electronic mail to the Clerk's Office Intake (dcd_intake@dcd.uscourts.gov) for docketing in *Carter v. Feinberg et al.*, No. 1:26-cv-03318-APM. I further certify that because this matter is currently proceeding *ex parte*, formal service upon non-appearing parties is deferred pending further order of the Court.

10/13/2026

Respectfully submitted,

Daitona Carter, Plaintiff, Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
No Phone. All communications by email only.
legal@daitonacarter.com