| | |
|---|---|
| DAITONA CARTER,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN A. FEINBERG, in his official capacity as Deputy Secretary of Defense;<br><br>PETE HEGSETH, in his official capacity as Secretary of Defense; and<br><br>WALTER JAY CLAYTON, in his official capacity as Director of National Intelligence,<br><br>Defendants. | Case No. 1:26-cv-03318-APM<br>Judge Amit P. Mehta |

**DECLARATION OF INVENTOR DAITONA CARTER IN SUPPORT OF PLAINTIFF'S LETTER REGARDING MINUTE ORDER OF OCTOBER 14, 2026**

I, Daitona Carter, declare as follows:

1. I am the Plaintiff, pro se, and the inventor of the foundational defensive security architectures published via Technical Disclosure Commons (TD Commons), titled "Eyewear-Integrated Hardware-Enclaved Sensor Gating Interface Utilizing Asynchronous Data Valving and Biomechanical Intent Verification" (June 25, 2026, Art. 10575). I submit this declaration to provide the Court with precise technical clarification regarding the concrete, claim-level contributions of my architecture, directly refuting the opposing party's characterization adopted in the Court's October 14 Minute Order.

2. The Court's reliance on a separate docket's assertion that my filings reflect merely "generalized work" completely elides the specific, modular hardware mechanisms documented in my prior reduction to practice. A direct engineering comparison demonstrates that Meta Platforms Technologies' concurrent patent applications (such as

US 2026/0238876 A1, published August 13, 2026) describe software exploitation systems that directly intersect with the physical-layer hardware barriers built into my invention.

| **Meta Software Architecture (US 2026/0238876 A1)** | **Carter Enclave Countermeasure (TD Commons 10575)** |
| --- | --- |
| Continuous Ambient Capture: As described on Page 15, Meta utilizes a software process to continuously access sensory data captured by eyewear cameras to map surrounding social spaces without sequential user prompts. | **Physical Trace Severance:** Sensors possess zero copper paths or shared communication buses (I2C/I2S/SPI) with the untrusted Application Processor (AP). All traces run strictly into an isolated secondary enclave.. |
| **Algorithmic Behavior Tracking:** On Page 17, Meta's assistant system uses software parameters to run facial recognition and calculate background behavioral scoring ("measure of interestingness"). | **Asynchronous Data Valving:** Captured audio/visual frames are sequestered in a hardware-isolated, one-way FIFO queue. The host AP is blocked from polling, reading, or querying these registers. |
| **Invisible Recording States:** Uses a cloud infrastructure pipeline to activate background microphone and camera capture loops utilizing software-controlled status flags. | **Biomechanical Intent Gating:** The hardware data valve is locked open and flooded with null-voltage white noise until a physical voice vibration is validated by frame-integrated temporalis muscle arrays. |

3. Prior Conception, Exposure, and Unlawful Extraction Mechanisms: The technology under dispute was originally created by me in 2017, years before any commercial or defensive deployment by the named entities. This proprietary architecture was explicitly exposed and illicitly extracted through a targeted operation on October 21, 2024. On that date, my family was unlawfully detained and kidnapped in Brickell for a duration of four hours. During this unlawful confinement, my family was subjected to non-consensual interrogation specifically focused on the engineering parameters, files, and blueprints of my smart eyewear project. This extrajudicial enforcement event constitutes the primary

vector through which my proprietary architecture was unlawfully intercepted, compromised, and subsequently repurposed into the defense and commercial pipelines under audit.

4. The Imminence of Irreparable Harm via Evidentiary Erasure: The Court has overlooked the material necessity of preserving the Cost Accounting Standards (CAS) cost-segregation records under audit pursuant to the Feinberg Memorandum. On October 14, 2026—the exact day this Court's Minute Order was entered—the Defendants executed a CAS-to-GAAP accounting conversion. This administrative action actively dissolves the contract-level and employee-labor-hour tracking trails required to verify that the work funded under the Department of Defense's IVAS/SBMC Phase Two tactical AR headsets originated from my foundational prototypes.

5. This conversion occurs in immediate temporal proximity to the Anduril Industries $90 billion employee tender offer closing on November 9, 2026. If a preservation order is not entered to freeze these underlying CAS cost pools and records, the tracking data will convert to untraceable GAAP formats simultaneously with a massive private equity conversion. Because human tracking metadata and stolen biometric engineering frameworks cannot be retroactively un-collected or calculated via monetary damages once erased from an audit trail, the failure to grant alternative preservation-only relief creates an immediate, irreparable spoliation of the evidentiary baseline.

6. Defense Procurement Lifecycles: The Court cannot infer a lack of protectable interest based on the absence of a finalized unclassified military inventory listing. As a standard structural reality of the Defense Industrial Base, advanced hardware security frameworks

are routinely established, developed, and announced as dual-use commercial technologies before their classified integration into DoD ecosystems is made public.

7. Conclusion: My technical architecture establishes a highly granular, claim-level physical barrier designed to legally protect consumer and defense endpoints from background data exfiltration. The accompanying Letter and this Declaration seek solely to maintain the administrative status quo and prevent the permanent eradication of the contract audit trails required to sustain the integrity of these proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 19, 2026.

Daitona Carter

Daitona Carter

Plaintiff, Pro Se