**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAITONA CARTER,<br>*Plaintiff,*<br><br>v.<br><br>STEPHEN A. FEINBERG, in his official capacity as Deputy Secretary of Defense;<br>PETE HEGSETH, in his official capacity as Secretary of Defense; and<br>WALTER JAY CLAYTON, in his official capacity as Director of National Intelligence,<br>*Defendants.* | Case No. 1:26-cv-03318-APM<br><br>Judge Amit P. Mehta |

**NOTICE OF CLARIFICATION OF DOCKET RECORD AND PROCEDURAL FACTS**

Plaintiff Daitona Carter, appearing *pro se*, respectfully submits this informational Notice solely to place on the record a side-by-side comparison between specific procedural statements in the Court's Minute Orders of October 14, 2026, November 6, 2026, and November 11, 2026, and the verified docket record and governing Federal Rules of Civil Procedure. Plaintiff requests no affirmative or emergency relief by this Notice.

**1. Statement vs. Record Fact Regarding Superseded Pleadings, *Ex Parte* Rule 65(b) Motions, and the Count of Preliminary Injunction Filings:**

**Statement in November 6, 2026 Minute Order:** The Court stated that ECF No. 31 *"is Plaintiff's third attempt at preliminary injunctive relief."*

**Actual Docket Record (ECF Nos. 1, 3, 14, 15, 22):** Plaintiff never made three prior preliminary injunction attempts on the operative pleading. First, Plaintiff's Verified Amended Complaint filed on October 5, 2026 (ECF No. 14, adding Defendant Walter Jay Clayton) superseded the original Complaint (ECF No. 1) as a matter of law, rendering the

initial motion tied to the original complaint (ECF No. 3) superseded. Second, on October 13, 2026, Plaintiff filed **ECF No. 22**, titled and pleaded exclusively as an *"EMERGENCY RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER UNDER FED. R. CIV. P. 65(b)."* Nowhere in the caption, text, or prayer for relief of ECF No. 22 did Plaintiff move for a preliminary injunction. In its October 14, 2026 Minute Order, the Court adjudicated ECF No. 22 solely as a TRO reconsidered under Rule 54(b) (*"MINUTE ORDER denying Plaintiff's 22 Emergency Renewed Motion for Temporary Restraining Order"*). Only *after* that ruling was the docket text altered (*"Added MOTION for Preliminary Injunction on 10/14/2026 (mg)"*). Counting a superseded motion (ECF No. 3) and a post-ruling clerk label on a Rule 65(b) TRO motion (ECF No. 22) inaccurately inflates the procedural count to "three."

**2. Statement vs. Record Fact Regarding *Ex Parte* Rule 65(b)(1)(A) Relief vs. Rule 4 Service:**

**Statement in November 6 & November 11, 2026 Minute Orders:** The Court denied emergency injunctive relief on the stated ground that *"Plaintiff has yet to serve Defendants"* and *"has not acted diligently in completing service."*

**Actual Docket Record and Governing Rule:** Every prior TRO motion—ECF No. 3 (Certificate Regarding Notice, ¶ 3), ECF No. 15 (Certificate Regarding Notice, ¶ 3), and ECF No. 22 (pleaded under Rule 65(b))—expressly sought *ex parte* relief without prior notice or service pursuant to **Federal Rule of Civil Procedure 65(b)(1)(A)**, because prior notice would enable Defendants to execute the irreversible CAS-to-GAAP data conversion or classify the records before a hearing could occur. Under Fed. R. Civ. P. 65(b)(1)(A), prior service on defendants is legally not required for a temporary restraining order. Furthermore, with respect to preliminary injunctive relief under **Fed. R. Civ. P. 65(a)(1)**,

the rule requires *"notice to the adverse party,"* not perfected Rule 4 service of a summons; all three Defendants were served with appellate notice pursuant to Fed. R. App. P. 3(d)(1) and have had actual electronic notice via counsel of record (AUSA Johnny Hillary Walker III) in U.S.C.A. Case No. 26-5358 since October 14, 2026.

**3. Statement vs. Record Fact Regarding Elapsed Time, Administrative Delay, and Statutory Service Deadline Under Fed. R. Civ. P. 4(m):**

**Statement in November 6 & November 11, 2026 Minute Orders:** The Court stated that *"50 days have passed since the filing of this suit, and Plaintiff has not yet filed any proof of service."*

**Actual Docket Record and Governing Rule:** Plaintiff filed the original Complaint and an Application to Proceed *In Forma Pauperis* ("IFP") on September 22, 2026 (ECF Nos. 1, 2). Under **Federal Rule of Civil Procedure 4(m)**, a plaintiff has **ninety (90) days** to complete service—meaning the statutory deadline does not expire until **December 21, 2026** (or January 3, 2027, measured 90 days from the October 5, 2026 Verified Amended Complaint adding Defendant Clayton). Moreover, while Plaintiff's IFP application remained pending under 28 U.S.C. § 1915, the Clerk of Court could not issue summonses. The Court's own administrative processing consumed fifteen (15) days before assigning a judge on October 7, 2026 (following third-party payment of the $405 filing fee on October 6, 2026), and summonses did not issue until **October 9, 2026** (ECF No. 19). Only **thirty-three (33) days** had elapsed between summons issuance and the November 11, 2026 Minute Order, and settled precedent tolling Rule 4(m) during pending IFP review extends Plaintiff's service deadline into January 2027. A litigant within the statutory service

period, where the court's own administrative processing consumed a significant portion of that period, has not failed to act diligently as a matter of law.

**4. Statement vs. Record Fact Regarding Post-Issuance Modification of ECF No. 21 and Confirmed Indigency:**

**Actual Docket Record:** The Court's initial denial order (ECF No. 21) was entered on October 13, 2026 without a signature and was subsequently replaced on October 16, 2026 (*"Main Document 21 replaced on 10/16/2026 to include signature"*). Additionally, although the Court denied Plaintiff's District Court IFP application on October 13, 2026 (ECF No. 21), two days later on **October 15, 2026**, the Court granted Plaintiff's Application to Proceed IFP on appeal (ECF No. 27), expressly finding that *"Plaintiff has demonstrated an inability to prepay costs."* Plaintiff's financial indigency remained unchanged throughout these proceedings.

**5. Statement vs. Record Fact Regarding "No New Circumstances" and Reliance on Pending-Appeal Orders:**

**Statement in November 6, 2026 Minute Order:** The Court stated that *"no new circumstances warrant reconsideration of the court's prior denials"* (referencing its October 14, 2026 Order) and relied on the District of Massachusetts intervention denial in *Solos Tech., Ltd. v. Meta Platforms, Inc.*, No. 1:26-cv-10304 (ECF No. 107).

**Actual Docket Record:** Material factual developments arose *after* October 14, 2026, and were placed on the record prior to the November 6 ruling—including the November 2, 2026 hiring of former Army Secretary Dan Driscoll by OpenAI, the November 2–3, 2026

Mercedes-Benz "Holo Display" and Meta smart-glasses vehicle integration announcements, the November 4, 2026 DOJ-SITF memorandum, and the November 5–6, 2026 resignations of three senior DOJ enforcement officials (Harmeet Dhillon, John Eisenberg, and Jason Reding Quinones), alongside the prospective November 14, 2026 CASB Phase Two data-format lock-in deadline. Furthermore, the Massachusetts procedural Rule 24 intervention orders (ECF Nos. 90, 107, 113) are currently under active appellate review before the Federal Circuit (CAFC Case No. 26-1721) and do not constitute final adjudications on the merits.

**6. Statement vs. Record Fact Regarding Scope of Appeal and Access to the Courts:**

**Statement in November 11, 2026 Minute Order:** The Court directed that *"Plaintiff shall refrain from filing additional 'emergency' motions while her appeal from the denial of her Motion for Preliminary Injunction is pending, or she may be sanctioned for any frivolous filing."*

**Actual Docket Record and Governing Law:** Plaintiff's Notice of Appeal filed on October 14, 2026 (ECF No. 25; U.S.C.A. Case No. 26-5358) appeals solely the October 13, 2026 Order (ECF No. 21) and October 14, 2026 Minute Order (ECF No. 22), encompassing **ECF No. 1 through ECF No. 24**. Under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), an interlocutory appeal divests a district court of jurisdiction only over the specific orders and issues involved in the appeal; it does not divest this Court of jurisdiction over distinct post-appeal facts, new developments, or subsequent filings arising in **ECF Nos. 25 through 37**, nor does it extinguish Plaintiff's constitutional right of access to the courts to seek relief on matters outside the scope of Case No. 26-5358.

Dated: November 13, 2026

Respectfully submitted,

Daitona Carter, *Plaintiff, Pro Se*
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
No Phone. All communications by email only.
legal@daitonacarter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, I electronically filed the foregoing *Plaintiff's Notice of Clarification of Docket Record and Procedural Facts* with the Clerk of the Court using the CM/ECF system, which automatically sends electronic notification of such filing to all registered CM/ECF participants of record pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and Local Civil Rule 5.4(d).

Daitona Carter